IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


**DUSTY J. COX,**

                          **Plaintiff,**

          v.                                      CASE NO.11-3215-SAC

**TY CUNNINGHAM, et al.,**

                          **Defendants.**


**O R D E R**

Plaintiff, a federal prisoner confined in a correctional medical center in Missouri (MCFP-Springfield), proceeds pro se seeking damages and injunctive relief for the alleged deprivation of his constitutional rights. Plaintiff has paid the initial partial filing fee assessed by the court under 28 U.S.C. § 1915(b)(1), and is granted leave to proceed in forma pauperis. Plaintiff remains obligated to pay the remainder of the $350.00 district court filing fee in this civil action, through payments from his inmate trust fund account as authorized by 28 U.S.C. § 1915(b)(2).

Because plaintiff is a prisoner, the court is required to screen the complaint and to dismiss it or any portion thereof that is frivolous, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. § 1915A(a) and (b).

Plaintiff seeks damages on allegations of constitutional deprivation during his confinement as a pretrial detainee in a Leavenworth, Kansas, correctional facility operated by the Corrections Corporation of America (CCA-LVN). The defendants eight

CCA-LVN medical staff, and three defendants at MCFP-Springfield. Plaintiff alleges he was denied necessary medical treatment and accommodation for serious back pain and related infection, citing the denial of adequate pain medication throughout his CCA-LVN confinement, and the denial of a wheel chair, hospital bed, and foam mattress for specific periods.

Having reviewed plaintiff's allegations, the court finds the complaint is subject to being summarily dismissed as stating no claim for relief.

*Allegations against CCA-LVN Defendants are time barred*

Plaintiff filed his complaint on December 13, 2011.[1] His allegations of misconduct by CCA-LVN defendants during his confinement at the CCA-LVN facility between June 15 and December 8, 2009, however, clearly fall outside the two year statute of limitations for seeking relief. It is well settled in this district that a two-year statute of limitations applies to civil rights actions brought pursuant to § 1983. *See Wallace v. Kato*, 549 U.S. 384, 387 (2007)(statute of limitations applicable to § 1983 actions is what state law provides for personal injury torts); *Industrial Constructors Corp. v. U.S. Bureau of Reclamation*, 15 F.3d 963, 968 (10th Cir.1994)(same for *Bivens* actions); K.S.A. 60-513(a)(4) (two-

---

[1] While the "mailbox rule" allows a pro se prisoner's filings to be dated as of the date the prisoner delivers it to prison authorities or places it in the prison mail system, plaintiff failed to provide the mandatory certification required for application of the prisoner mailbox rule in this case. *See Prince v. Philpot*, 420 F.3d 1158, 1165-67 (10th Cir.2005)(stating requirements for application of prisoner mailbox rule); *United States v. Ceballos-Martinez*, 387 F.3d 1140, 1144-45 (10th Cir.2004)(inmate bears burden of showing compliance with mailbox rule). The court thus uses the date the complaint was received and docketed by the court.

year statute of limitations for personal injury torts). Where the state of limitations defense is obvious from the face of the complaint, § 1915(e) authorizes sua sponte dismissal of the complaint. *See, e.g., Fogle v. Pierson*, 435 F.3d 1252, 1258 (10th Cir.2006).

   *No cause of action against CCA-LVN defendants*

   Additionally, plaintiff's claims for damages from CCA-LVN defendants appears to be squarely defeated by a recent Supreme Court decision holding that a prisoner could not assert an Eighth Amendment *Bivens* claim for damages against private prison employees. *Minneci v. Pollard*, 132 S.Ct. 617 (2012).

   *No personal jurisdiction over MCFP-Springfield defendants*

   And plaintiff's claims for damages from MCFP-Springfield defendants, while not time barred, are nonetheless subject to being summarily dismissed without prejudice because this court has no personal jurisdiction over these defendants.  Dismissal would be without prejudice to plaintiff pursuing relief in the District Court for the Western District of Missouri.

### Notice and Show Cause Order to Plaintiff

   For these reasons, the court directs plaintiff to show cause why all CCA-LVN defendants should not be dismissed because plaintiff's allegations state no cognizable federal claim for relief against any of these defendants, and why all claims against MCFP-Springfield defendants should not dismissed without prejudice because this court lacks personal jurisdiction over these

defendants.[2]  The failure to file a timely response may result in the complaint being dismissed for the reasons stated herein, and without further prior notice to plaintiff.

IT IS THEREFORE ORDERED that plaintiff's motion for leave to proceed in forma pauperis (Doc. 2) is granted, with payment of the remainder of the $350.00 district court filing fee to proceed as authorized by 28 U.S.C. § 1915(b)(2).

IT IS FURTHER ORDERED that plaintiff is granted twenty (20) days to show cause why the complaint should not be dismissed as stating no claim for relief; and that plaintiff's motion for appointment of counsel (Doc. 4) is denied without prejudice.

**IT IS SO ORDERED.**

DATED:  This 3rd day of April 2012 at Topeka, Kansas.

                    s/ Sam A. Crow
                    SAM A. CROW
                    U.S. Senior District Judge

---

[2] Plaintiff's motion for appointment of counsel is denied without prejudice to plaintiff resubmitting this request if the complaint is not summarily dismissed.