IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF KANSAS


DUSTY J. COX,

                    Plaintiff,

     v.                                    CASE NO.11-3215-SAC

TY CUNNINGHAM, et al.,

                    Defendants.


**O R D E R**

Plaintiff, a federal prisoner confined in a correctional medical center in Missouri (MCFP-Springfield), proceeds pro se and in forma pauperis in this action, seeking damages and injunctive relief for the alleged deprivation of his constitutional rights while confined as a pretrial detainee in a Leavenworth, Kansas, correctional facility operated by the Corrections Corporation of America (CCA-LVN).

The court reviewed plaintiff's allegations and directed plaintiff to show cause why the complaint should not be summarily dismissed as stating no claim for relief against any of the named defendants. Having reviewed plaintiff's response, the court dismisses the complaint pursuant to 28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff alleges he was denied necessary medical treatment and accommodation for serious back pain and related infection, citing the denial of adequate pain medication throughout his CCA-LVN confinement, and the denial of a wheel chair, hospital bed, and foam mattress for specific periods. The court generally found plaintiff's

1

claims for relief were time barred, but further found no legal basis for plaintiff's claim for damages against the CCA-LVN defendants, and no jurisdiction to consider plaintiff's claims against defendants located outside the District of Kansas.  Having reviewed plaintiff's response, the court dismisses the complaint as stating no claim against any of the defendants upon which relief can be granted under 42 U.S.C. § 1983 or *Bivens v. Six Unknown Named Agents of Federal Bureau of Narcotics*, 403 U.S. 388 (1971).  28 U.S.C. § 1915(e)(2)(B)(ii).

Plaintiff first argues his complaint was timely filed through application of the "mailbox rule" set forth by the Supreme Court in *Houston v. Lack*.[1]  *See Price v. Philpot*, 420 F.3d 1158, 1164-65 (10th Cir.2005)(mailbox rule in *Houston* applies to inmate's filing of a civil rights complaint).

The "mailbox rule" in *Houston* provides that "an inmate who places a federal civil rights complaint in the prison's internal mail system will be treated as having 'filed' that complaint on the date it is given to prison authorities for mailing to the court.  However, the inmate must attest that such a timely filing was made and has the burden of proof on this issue."  *Id*. at 1165 (citations omitted).

In the present case, plaintiff has now submitted an "Affidavit of Truth" under penalty of perjury, 28 U.S.C. § 1746, that he placed his complaint, prepaid with first class postage for mailing in the institutional mail system, on December 7, 2011.  (Doc. 6).  Even assuming the complaint was thereby filed that same date, all but two days of plaintiff's allegations spanning from June 15 to December 8, 2009, would remain outside the two year limitation period for seeking

---

[1] 487 U.S. 266, 276 (1988).

relief.

Plaintiff next argues his claims against the CCA-LVN defendants should be considered, and argues that he satisfies all requirements for proceeding under 42 U.S.C. § 1983 to obtain relief. The court disagrees, finding no merit to plaintiff's assertion that § 1983 allows relief for all "persons acting under color of law," including employees of federal, state, and private prisons. Section 1983 requires a showing that *state* action resulted in the violation of plaintiff's constitutional rights. *See West v. Atkins*, 487 U.S. 42, 48 (1988)("To state a claim under § 1983, a plaintiff must allege the violation of a right secured by the Constitution and laws of the United States, and must show that the alleged deprivation was committed by a person acting under color *state* law.")(emphasis added). This a requirement plaintiff has not satisfied in this case.

To the extent plaintiff characterizes his complaint as also seeking relief *Bivens*,[2] the court continues to find no cause of action is stated against the CCA-LVN defendants. In *Minneci v. Pollard*, 132 S.Ct. 617 (2012), the Supreme Court refused to extend a *Bivens* remedy to a federal prisoner seeking damages from privately employed personnel working at a privately operated federal prison for the alleged denial of adequate medical care in violation of the Eighth Amendment. *Id.* at 626. Plaintiff's argument that he was confined at CCA-LVN as a pretrial detainee presumed innocent of the federal charges against him, and not as a convicted prisoner as in *Minneci*, is a distinction that lacks persuasive legal force.

---

[2] In *Bivens*, the Supreme Court recognized a private right of action in favor of victims of constitutional violations committed by federal agents in the performance of their official duties. 403 U.S. at 396-97.

Finally, the court finds no claim for relief is stated against the Missouri defendants, even if this court's jurisdiction over these defendants could be assumed. During his confinement at CCA-LVN, plaintiff was in the custody of the United States Marshal Service (USMS) for the Western District of Missouri pending plaintiff's prosecution in that court on criminal charges. While plaintiff names three USMS employees as defendants,[3] he does not allege that any of these defendants personally participated in denying plaintiff necessary medical care. Moreover, sovereign immunity bars a claim for damages against the USMS or any of its employees in their official capacity.

Plaintiff's motion to compel court action on his pending complaint is now moot. Plaintiff's alternative request for recusal is denied because there is no truth to plaintiff's stated concern that the undersigned judge "was a previous Board Member of CCA and may have interest[s] that conflict with the Plaintiff's case." (Doc. 9)

IT IS THEREFORE ORDERED that the complaint is dismissed as stating no claim for relief.

IT IS FURTHER ORDERED that plaintiff's motion (Doc. 9) to compel, or in the alternative for recusal of the undersigned judge, is denied.

**IT IS SO ORDERED.**

DATED: This 19th day of November 2013 at Topeka, Kansas.

> s/Sam A. Crow
> SAM A. CROW
> U.S. Senior District Judge

---

[3] Plaintiff correctly notes that the Missouri defendants named in the complaint were not located in the Springfield medical facility as stated in the court's show cause order.